Maxwell Shapebo, J.
Plaintiff herein sues defendant for $165 representing damage to his clothes, incurred by him under the following circumstances: At 1:30 a.m., on June 28, 1963, plaintiff and a male companion, while in the vicinity of 330 East 70th Street, New York City, heard a woman’s scream coming from a garage. They saw a man physically assaulting a woman and further observed that the woman was bleeding heavily from a cut on her face. Having every reason to believe that the woman was in grave danger, the plaintiff entered the garage, separated the parties and wrestled the defendant to the pavement, holding him there while his companion called the police. Upon their arrival and after a short interval, the police escorted the defendant to the lobby of his building and sent the woman who it was then learned was the defendant’s wife, to the hospital.
Plaintiff is merely suing herein to be reimbursed for the damage to his clothing which was damaged during the struggle. Defendant argues that he owes no legal obligation to a person who intervenes in attempting to stop what plaintiff alleges to be an assault. It is defendant’s contention that plaintiff was neither an invitee nor a licensee, but a trespasser assuming all of the risks of his actions.
Upon all of the testimony and evidence introduced at the trial, it is clear to this court that the defendant was in fact assaulting his wife and the plaintiff used the reasonable force necessary to protect the woman from serious bodily injury. Defendant’s contention, as heretofore stated, is without merit. The defendant has counterclaimed against the plaintiff for property damage alleged to have been sustained by the defendant as a result of the alleged assault and battery committed by the plaintiff upon the defendant in the sum of $245.
The defendant’s obligation to behave properly apparently is owed to everyone and he is liable to any person he might injure by his misconduct. The essential question therefore is whether the plaintiff’s interests are entitled to legal protection against the defendant’s conduct.
Judge Cakdozo stated in Wagner v. International Ry. Co. (232 N. Y. 176, 180): “ Danger invites rescue. The cry of distress is the summons to relief. The law does not ignore these reactions of the mind in tracing conduct to its consequences. It recognizes them as normal. It places their effects within the range of the natural and probable. The wrong that imperils life is a wrong to the imperilled victim; it is a wrong also to his rescuer. * * * The risk of rescue, if only it be not wanton, is born of the occasion. The emergency begets the man. The wrongdoer may *901 not have foreseen the coming of a deliverer. He is accountable as if he had ”.
The case at bar is distinguishable from the facts in People v. Young (11 N Y 2d 274). Here the intervenor committed no independent crime and used such restraint as a reasonable person would be expected to exert under the circumstances. As stated by Judge Froessel in the Young case (supra, p. 279): “What public interest is promoted by a principle which would deter one from coming to the aid of a fellow citizen who he has reasonable ground to apprehend is in imminent danger of personal injury at the hands of assailants? ”
On the facts here presented, I hold that plaintiff is entitled to legal redress for the damage he sustained. Judgment is therefore rendered to the plaintiff for the sum of $140, together with costs. Counterclaim interposed by the defendant is dismissed, with costs.